[No. 14000.   Department One.   July 25, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN E. CLANCY, *Appellant*.[1]

INTOXICATING LIQUORS—OFFENSES—KEEPING LIQUORS—PUNISHMENT
—STATUTES.  Rem. Code, § 6262-5, authorizes fine and imprisonment,
as well as an abatement of the premises, for unlawfully keeping in-
toxicating liquors for sale, the one penalty being directed against
the premises and the other against the violator; in view of the fact
that it makes such act unlawful and provides for abatement of the
nuisance "upon conviction of any violation of the act," and for the
giving of a bond, conditioned to pay all "fines, costs, and damages"
that may be assessed; since § 6262-5, recognizes that a fine may be
imposed for its violation without specific mention of the extent of
the fine, and the amount is therefore controlled by § 6262-31, which
provides that upon conviction of any violation of the act where the
punishment is not specifically provided for, there may be imposed a
fine of not less than $50 nor more than $250, or imprisonment for
not less than ten days, nor more than three months, or both such
fine and imprisonment.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered October 31, 1916, upon a
trial and conviction of keeping intoxicating liquors for un-
lawful sale.   Affirmed.

*Vanderveer & Cummings* and *H. McC. Billingsley*, for ap-
pellant.

*Alfred H. Lundin, John D. Carmody*, and *Joseph A. Barto*,
for respondent.

MORRIS, J.—Appellant was convicted under an information
charging:

"He, said John Clancy, in the county of King, state of
Washington, on the 25th day of August, 1916, while occu-
pying a building known as 'The Meadows' and also known as
'Clancy's Road House,' situate in King county, state of
Washington, did then and there knowingly, wilfully and un-
lawfully permit intoxicating liquor, to wit, two hundred

[1]Reported in 166 Pac. 778.

ninety-eight quarts of beer, three pints of whiskey, one pint of beer, and three pint bottles of whiskey partly filled, to be kept on said premises, with intent to sell, barter, exchange, give away, furnish and dispose of the same therein and thereon."

Upon plea of guilty, judgment was entered that appellant be confined in the King county jail for a period of twenty days, and pay a fine of $100. The appeal is based upon appellant's contention that, under the information, the only judgment that could be entered was one of abatement, and that there is no authority in law for the imposition of a fine and imprisonment for the crime charged in the information. This contention is based upon the argument that the information was filed under § 5 of chapter 2 of the Laws of 1915, p. 3 (Rem. Code, § 6262-5), known as initiative measure No. 3, providing, in part, that it shall be unlawful for any person occupying any building to knowingly permit intoxicating liquors to be kept on the premises with intent to sell, give away or otherwise dispose of the same, declaring all such premises to be a nuisance, and providing for abatement upon conviction of the owner or occupant of any violation of the act. It is further provided that, upon ordering an abatement of such nuisance, the court shall order the premises closed until the owner or occupant give bond conditioned that intoxicating liquor shall not thereafter be unlawfully kept or disposed of upon the premises and that the giver of the bond shall pay all fines, costs and damages that may be assessed against him; and in the event of conviction before a justice of the peace of any violation of the act, no appeal being taken, an information may be filed in the superior court of the county in which the conviction was had to abate the nuisance and a certified copy of the record of the justice of the peace showing such conviction shall be competent evidence of the existence of such nuisance. But one construction can be placed upon these provisions, and that is that, upon the conviction of any violation of this section, the declared nuisance may be

abated and a fine, costs and damages assessed upon the person found guilty. It would be meaningless to provide for the giving of a bond to pay all fines and costs if none could be assessed. The provision for filing the record of the conviction before a justice of the peace in the superior court and there ordering an abatement is a further indication that the convicted person could be fined below and no order of abatement entered until in the subsequent proceedings in the superior court. Violators of this section are thus subject to two penalties, one directed against the premises in which the violation occurs, and the other directed against the violator.

Section 31 (Rem. Code, § 6262-31) of this act provides that, upon conviction of any violation of the act where the punishment is not specifically provided for, any person found guilty may be punished by a fine of not less than $50 nor more than $250, or by imprisonment in the county jail for not less than ten days, or more than three months, or by both such fine and imprisonment. Appellant attempts to get around § 31 by his plea that it cannot apply to any violation of § 5, because such section specifically carries its own punishment in providing for an abatement of the nuisance. This argument is not well founded. Section 5 clearly recognizes that a fine may be imposed for its violation but no specific mention is made of the extent of such fine nor how it shall be enforced. Hence, not making specific provision for the punishment referred to we must look to § 31 to determine what that fine is and we have a clear inclusion of violations of § 5 as punishable by fine, imprisonment or both. It may be as contended for by appellant that the provision for abatement as found in § 5 is a specific punishment, but whether this is true or not it does not follow that having provided for punishment of this character other punishment provided for in the chapter may not be imposed. It clearly is the legislative intent as expressed in § 5 to provide for two penalties, one the abatement of the offending premises, the other the punishment

of the offending person, leaving the character and the extent of the punishment against the offending person to the subsequent section.

The judgment is affirmed.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.